IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:12-CV-266-FL

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of TGK ENTERPRISES, INC. d/b/a ENTERPRISE ELECTRICAL AND MECHANICAL CO., <br><br>Plaintiff, <br><br>v. <br><br>CLAYCO, INC. and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, <br><br>Defendants. | ORDER |

This Miller Act suit, filed on September 12, 2012, comes before the court on several motions, including plaintiff's motion to strike notice of subsequently decided authority (DE 31). Defendants have filed a motion to dismiss, and in the alternative, motion to stay and compel arbitration (DE 19). On December 31, 2012, the clerk noticed the undersigned of the completion of briefing on that motion which the court has yet to decide. On March 12, 2013, defendants brought to the court's attention while decision remains pending a case decided in another district, in a notice lodged on the docket at entry number 30, to which plaintiff objects.

BACKGROUND

Plaintiff's claims arise against defendant Clayco, Inc. ("Clayco") out of the execution and performance of a subcontractor contract to provide services for a construction project in Camp

Lejeune, North Carolina. It appears defendant Clayco was the general contractor on the project. It is alleged that this defendant purchased and executed the payment and performance bond with defendant Travelers Casualty and Surety Company of America ("Travelers"). Defendant Clayco was awarded the contract by the government to design and build a dining hall and barracks at the Naval Facilities Command and Marine Corps base at Camp Lejeune.

It is alleged that Clayco subcontracted with plaintiff for the installation and design of the HVAC, electrical and plumbing work for the project. Plaintiff contends it performed and completed the work for the project as required by the contract and that it has not been fully paid by defendant Clayco. Plaintiff also complains that defendant Clayco asserted baseless and improper "back-charges", failed to make timely and required payments to plaintiff, improperly coordinated and scheduled the project, failed to work with plaintiff in good faith to timely accomplish the tasks required by the contract and interfered with plaintiff's performance of the contract.

Plaintiff contends that the amount past due and left owing to it pursuant to the contract entered into with defendant Clayco exceeds $458,234.02. Plaintiff also complains that defendant Clayco has failed and refused to pay more than $800,000.00 in costs it has incurred due to defendant's wrongful acts and delays. The complaint notes that plaintiff and defendant Clayco have unsuccessfully attempted to mediate the dispute. The notice at issue brings to the court's attention a recent case involving the same parties, arising out of the United States District Court for the Eastern District of Pennsylvania.

## COURT'S DISCUSSION

Having carefully considered the issues raised in support of and in opposition to the motion to strike, in its discretion the court denies the motion. However, while there is a perception of utility,

2

clearly the court's decision is not controlled by the decision of the Pennsylvania court, and towards that end, plaintiff's protest underscoring the lack of import of this decision will be considered anew, in the context of this court's decision-making on the underlying motion at issue. Defendants appear to concede, too, that the decision is not controlling. It does not appear that defendants' efforts to highlight the decision were motivated by bad faith, and any prejudice has been mitigated in the form of plaintiff's thoughtful briefing in furtherance of the motion to strike, now supplementing its response in opposition to defendants' motion.

Decision on defendants' motion will issue in separate order.

## CONCLUSION

For the reasons given, plaintiff's motion to strike (DE 30) is DENIED.

SO ORDERED, this the 28th day of March, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge